FILED-CLERK
U.S. DISTRICT COURT

04 APR 13 PM 1: 06

TX EASTERN-MARSHALL

BY_____

***IN THE UNITED STATES DISTRICT COURT***
***EASTERN DISTRICT OF TEXAS***
***MARSHALL DIVISION***

| | | |
|---|---|---|
| **KAREN VAUGHN, Individually &** | § | |
| **on Behalf of All Others Similarly** | § | |
| **Situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | NO. **2 - 04** C V - 1 4 2 |
| | § | **JUDGE:** _____ |
| **AMERICAN HONDA MOTOR** | § | |
| **CO., INC. & HONDA MOTOR** | § | |
| **CO., LTD.,** | § | |
| | § | |
| **Defendants.** | § | **JURY TRIAL REQUESTED** |

### *PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT*

***TO THE HONORABLE UNITED STATES DISTRICT JUDGE:***

 ***COMES NOW, KAREN VAUGHN***, Individually and on Behalf of All Others Similarly

Situated, and files this, her Original Class Action Complaint, and, in support thereof, would

respectfully show unto the Court as follows:

### *I.*

### *PARTIES*

1. ***KAREN VAUGHN*** is an individual residing in the Eastern District of Texas.

2.    *AMERICAN HONDA MOTOR CO., INC*. is a California corporation with its principal place of business in Torrance, California.  Defendant may be served through its registered agent, CT Corp. System, at 350 North St. Paul Street, Dallas, Texas 90501-2746.

3.    *HONDA MOTOR COMPANY, LTD*. is a Japanese corporation with its principal place of business in Tokyo, Japan.

## *II.*

### *JURISDICTION & VENUE*

4.    This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the laws of the United States.  Jurisdiction is further proper under 28 U.S.C. § 1332 in that all parties are residents of different states and/or foreign states and the amount in controversy exceeds $75,000.00.

5.    Venue is proper in the Eastern District of Texas in that Plaintiff is a resident of the Eastern District of Texas, Plaintiff purchased the vehicle in question in the Eastern District of Texas and the breach of warranty and statutory violations of which Plaintiff complains all occurred in the Eastern District of Texas.

6.    Because venue is proper in the Eastern District of Texas, Plaintiff may maintain her suit in any division of the Eastern District of Texas. *Mohamed v. Mazda Motor Corp.,* 90 F. Supp. 2d 757 (E.D. Tex. 2000).

2

### *III.*

### *FACTUAL BACKGROUND*

7.  On or about May 1, 2002 in Longview, Gregg County, Texas, *KAREN VAUGHN* purchased a 2002 year model Honda Odyssey minivan designed, manufactured and marketed by *AMERICAN HONDA MOTOR CO. INC* . and/or *HONDA MOTOR COMPANY LTD.* (collectively "*HONDA*").

8.  *KAREN VAUGHN* further purchased from *HONDA* a basic warranty against all manufacturing defects for a period of three (3) years or thirty-six thousand (36,000) miles (the "Basic Warranty") and a warranty against manufacturing defects in certain components for eight (8) years or eighty thousand (80,000) miles (the "Component Warranty"). *HONDA* further covenanted with *KAREN VAUGHN* that all genuine Honda parts purchased from and installed by a Honda dealer would be free of defects for not less than one (1) year or twelve thousand (12,000) miles (the "Parts Warranty").

9.  In connection with the sale of the vehicle and these warranties, *HONDA* impliedly warranted to *KAREN VAUGHN* that the vehicle's odometer would accurately record the miles actually driven by the vehicle.

10. In truth, and without *KAREN VAUGHN's* knowledge, *HONDA* had purposefully designed the vehicle's odometer to inflate the mileage driven by the vehicle by a factor of not less than 2.5%. In fact, under certain conditions, the inflation factor may rise as high as 4%.

11.     As a result of this defect, *HONDA* has demonstrably deprived *KAREN VAUGHN* and the members of the proposed class of the benefit of their bargain.  In particular, neither *KAREN VAUGHN* nor the members of the proposed class will in fact receive the thirty six thousand (36,000) mile Basic Warranty, the eighty thousand (80,000) mile Component Warranty or the twelve thousand (12,000) mile Parts Warranty for which they paid good and valuable consideration.

12.     Already, this scheme by *HONDA* has deprived *KAREN VAUGHN* of approximately nine hundred (900) miles of her Basic Warranty and, ultimately, will shorten the Component Warranty by at least two thousand (2,000) miles.  Likewise,   *HONDA* will reduce the effective period of each class member's warranties over the lifetime of their vehicles. Unabated, *HONDA* will deprive the American consumers of the past four years of more than five hundred million (500,000,000) Basic Warranty miles, one billion two hundred million (1,200,000,000) Component Warranty miles, and as many as one million, nine hundred twenty thousand (1,920,000) Parts Warranty miles.  The savings to the company (as well as the detriment to the consumer) are considerable.

4

*IV.*

### *CLASS ACTION ALLEGATIONS*

13. *KAREN VAUGHN* brings this action on behalf of herself and all others similarly situated.

    Specifically, the class *KAREN VAUGHN* seeks to represent includes

    All persons and entities who/which purchased, leased or otherwise acquired from *HONDA* anywhere in the United States of America a 1999-2004 model year Honda Odyssey minivan since April 1, 2000.

    The proposed class specifically excludes the United States of America, the State of Texas, counsel for the parties, the presiding United States District Court Judge, the Justices of the United States Court of Appeals for the Fifth Circuit, all officers and agents of *HONDA* and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

14. *KAREN VAUGHN* would show the Court that individual joinder of the members of the proposed class is patently impractical. Fed. R. Civ. P. 23(a)(1). While the exact number of class members is presently known only to *HONDA, KAREN VAUGHN* alleges that the class includes hundreds of thousands of individuals and entities. From 1999 through 2003, for example, *HONDA* sold more than six hundred forty thousand (640,000) Odyssey minivans in the United States. The identity and location of these individuals is known only to *HONDA* at this time. For all these reasons, individual joinder is patently impractical.

5

15. ***KAREN VAUGHN*** would further show the Court that there is a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. Fed. R. Civ. P. 23(a)(2). These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to, the following:

    a.    The existence of an identical product defect in the vehicles at issue;

    b.    The merchantability of the vehicles containing the defective odometers;

    c.    The measure of actual damages;

    d.    The availability of statutory penalties; and

    e.    Attorney's fees and costs.

16. ***KAREN VAUGHN*** would further show the Court that her claims are typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). ***KAREN VAUGHN*** possesses the same interests and has suffered the same injuries as the unnamed class members. She asserts identical claims and seeks identical relief on behalf of the unnamed class members. In particular, ***KAREN VAUGHN*** purchased a 2002 year model Honda Odyssey minivan containing an odometer which failed accurately to record the number of miles driven by the vehicle. ***KAREN VAUGHN*** alleges that ***HONDA*** has breached its implied warranty of merchantability and deprived her of the benefit of her bargain with ***HONDA***. She further alleges that ***HONDA*** has violated 49 U.S.C. § 32703 with the intent to defraud American consumers. She seeks damages in an amount sufficient to restore to her the benefit of her bargain with ***HONDA***, treble damages, statutory penalties, attorneys fees and costs.

17.   *KAREN VAUGHN* would further show the Court that she will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4).  As evidenced by the filing of this complaint, *KAREN VAUGHN* will vigorously pursue the interests of the class. Moreover, there is no antagonism or conflict of interest between the interests of *KAREN VAUGHN* and those of the unnamed class members. Finally, *KAREN VAUGHN* has retained competent counsel to pursue the interests of the class.

18.   *KAREN VAUGHN* would further show the Court that this case is maintainable as a class action under Rule 23(b)(3), Fed. R. Civ. P.  In particular, *KAREN VAUGHN* would show the Court that issues of fact and law common to the class predominate over those affecting only individual members and that a class action is a superior means of resolving this dispute. Fed. R. Civ. P. 23(b)(3). The common issues of law and fact include, but are not limited to, the following:

a.   The identical product defect in the vehicles at issue;

b.   The merchantability of the vehicles containing the defective odometers;

c.   The measure of actual damages;

d.   The availability of statutory penalties; and

e.   Attorney's fees and costs.

7

19.     Further, the prosecution of individual actions by hundreds of thousands of Honda owners

would unduly burden the courts and the litigants.  Given the relatively small cost necessary

to repair or replace the defective odometer, it is unreasonable to require or expect class

members to litigate their claims individually.  Prosecution of this case as a class action,

by contrast, conserves the resources of the parties and the courts and allows for a fair and

efficient resolution of this dispute.


*V.*

***CAUSES OF ACTION***

*A.*

20.     ***KAREN VAUGHN*** would show the Court that the conduct of ***HONDA*** described above

violates the federal prohibition of odometer tampering as set forth in 49 U.S.C. §§ 32703(1)-

(2), 32710 (the "Act").   In particular, ***KAREN VAUGHN*** would show the Court that

***HONDA*** has violated the Act in the following manner(s):

   a.      Advertising for sale, selling, using, installing or having installed a software device
           which causes the odometer of the Honda Odyssey to register a mileage different from
           the mileage the vehicle was driven, as registered by the odometer within the designed
           tolerance of the manufacturer of the odometer; and/or

   b.      Altering or having altered the odometer of the Honda Odyssey intending to change
           the mileage registered by the odometer.

21. ***KAREN VAUGHN*** alleges that the conduct of ***HONDA*** in designing, manufacturing and marketing the vehicles with the defective odometer was committed with the intent by ***HONDA*** to defraud American consumers and deprive them of the benefit of their bargain with ***HONDA***.

22. ***KAREN VAUGHN*** would show the Court that ***HONDA*** has had actual notice of the existence of this defect throughout the proposed class period and has consciously elected not to notify the American consumers or voluntarily to recall the vehicles in question.

### *B.*

23. ***KAREN VAUGHN*** would further show the Court that the defective odometer designed, manufactured and marketed by ***HONDA*** so impaired the value and usefulness of the vehicles as to breach the implied warranty of merchantability made by ***HONDA*** to all members of the proposed class.

24. In particular, ***KAREN VAUGHN*** would show the Court that ***HONDA's*** installation of the defective software component causes the odometer to accelerate the mileage of each vehicle by at least 2.5%. As a result, each member of the proposed class has been demonstrably deprived of the benefit of their bargain with ***HONDA***. By way of example, each member of the proposed class has been (or will be) deprived of at least nine hundred (900) Basic Warranty miles and three hundred (300) Parts Warranty miles. Unabated, ***HONDA*** will further deprive each of these consumers of not less than two thousand (2,000) Component Warranty miles over the life of the vehicle.

9

## VI.

### DAMAGES

25.    For herself and on behalf of the entire class, **KAREN VAUGHN** seeks actual damages
sufficient to restore to these consumers the benefit of their bargain with **HONDA**.  Further,
because the conduct of **HONDA** described above was committed with the intent to defraud
American consumers, **KAREN VAUGHN** would show the Court that she (and the class)
are entitled to recover treble her (their) actual damages together with reasonable attorneys'
fees and all costs of court.   49 U.S.C. § 32710.

26.    In the event that such actual damages are less than $500.00 (U.S.) per vehicle, **KAREN
VAUGHN** seeks for herself and the class a statutory penalty of $1,500.00 (U.S.) pursuant
to 49 U.S.C. § 32710 for each such defective vehicle delivered in this country in the last
two years.

**WHEREFORE, PREMISES CONSIDERED, KAREN VAUGHN**, Individually and as
representative of the Plaintiff class, respectfully prays that upon final trial of this cause,  Plaintiff
obtain Judgment as follows:

1.    Certifying this case as a class action and appointing **KAREN VAUGHN** and her Counsel
to represent the interests of the class;

2.    Adjudging that **HONDA** breach its implied warranty of merchantability to **KAREN
VAUGHN** and to each member of the Plaintiff class;

3.    Adjudging that **HONDA** violated the federal prohibition of odometer tampering and that
it did so with the intent to defraud American consumers;

10

4.    Awarding *KAREN VAUGHN* (and the class) her (their) actual damages in an amount sufficient to restore to her (them) the benefit of her (their) bargain with *HONDA*;

5.    Awarding *KAREN VAUGHN* and the class treble their actual damages or not less than $1,500.00 (U.S.) for each defective vehicle delivered in this country in the last two years;

6.    Awarding *KAREN VAUGHN* and the class their reasonable attorneys' fees incurred at trial and, if necessary, on appeal;

7.    Taxing all costs of Court and the expenses of maintaining this suit (including class member notification expenses) against *HONDA*; and

8.    Awarding *KAREN VAUGHN* and the class any prejudgment and post-judgment interest as may be allowed under law at the highest respective lawful rates.

*KAREN VAUGHN* further prays for all other relief  to which she may be justly entitled.

Respectfully submitted,

_____
James A. Holmes
Texas Bar No. 00784290

**WELLBORN ✶ HOUSTON, L.L.P.**

P.O. BOX 1109
HENDERSON, TX 75653-1109
(903) 657-8544
(903) 657-7227 (fax)
jh@wellbornhouston.com

**OF COUNSEL:**

R. Stephen Woodfin
Texas Bar No. 21930400

**LAW OFFICE OF STEPHEN WOODFIN**

1012 HOUSTON
KILGORE, TEXAS 75663
(903) 984-0518
(903) 984-2574 (fax)
stephenwoodfin@sydcom.net

Jay Kutchka
Arkansas Bar No. 96010

**JONES, JACKSON & MOLL, P.L.C.**

401 NORTH 7TH STREET
FORT SMITH, ARKANSAS 72902-2023
(479) 782-7203
(479) 782-9460 (fax)
jkutchka@jjmlaw.com

12

David B. Miller
Texas Bar No. 00788057

*BELL, NUNNALLY & MARTIN, L.L.P.*

3232 McKINNEY AVENUE
DALLAS, TEXAS 75204
(214) 740-1415
(214) 740-1499 (fax)
DavidM@bellnunnally.com

*ATTORNEYS FOR THE PLAINTIFF CLASS*

13