IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KAREN VAUGHN,<br>Individually and on behalf of all<br>others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br>et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2-04CV-142<br><br><br>HON. T. JOHN WARD |
| SHARON McQUISTON<br>Individually and on behalf of all<br>others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br>& Honda Motor Co., Ltd.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2-06CV-253<br><br><br>HON. T. JOHN WARD |

## PRELIMINARY APPROVAL ORDER

The parties to the Vaughn Action and McQuiston Action have entered into a Settlement Agreement (dated October 30, 2006 and submitted to the Court on October 31, 2006) to settle the above-captioned putative class actions in their entirety, and Named Plaintiffs have filed a Motion for Preliminary Approval of Class Action

Settlement and a supporting memorandum, which Defendants support. All capitalized terms used in this Order have the meaning as defined in the Settlement Agreement, which is incorporated herein by reference.

The Court has read and considered the Settlement Agreement and all the Exhibits thereto, including the proposed Class Notices. The Court finds that there is a sufficient basis for granting preliminary approval of the Settlement Agreement and authorizing the steps necessary to determine whether the Settlement Agreement should be finally approved and the Litigation dismissed (including the dissemination of Class Notice).

IT IS HEREBY ORDERED that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court consolidates these actions for purposes of settlement and preliminarily certifies, for purposes of effectuating this settlement only, a Settlement Class consisting of:

> All persons who bought or leased in the United States of America (including the District of Columbia, Puerto Rico, and the U.S. Virgin Islands) a model year 2002 through 2006 Honda or Acura automobile or a model year 2007 Honda Fit (the "Class Vehicles") between April 13, 2002 and November 7, 2006.

> Specifically excluded from the Settlement Class are: (a) all federal court judges who have presided over this case and their spouses and anyone within three degrees of consanguinity from those judges and their spouses, (b) all persons who elect to exclude themselves from the Settlement Class, (c) all persons who have previously executed and delivered to Honda releases of their claims, (d) Defendants' employees, officers, directors, agents, and representatives and their family members.

2. The Court hereby appoints Plaintiffs Karen Vaughn and Sharon McQuiston to serve as class representatives, and James A. Holmes of The Law Office of James Holmes, P.C., R. Stephen Woodfin of the Law Office of Stephen Woodfin, Jay Kutchka of Jones, Jackson & Moll, P.L.C. and David B. Miller of the Law Office of David B. Miller to serve as Class Counsel.

3. The preliminary certification of these actions as a class action is for settlement purposes only and the appointment of Class Counsel shall be terminated and without further force or effect and without prejudice to any party in connection with any future proceedings in these actions, including any future motion with respect to class certification, if: (a) the Court does not give final approval to the Settlement Agreement and enter the Final Order and Judgment substantially in the form appended to the Settlement Agreement, or (b) this Court's approval of the Settlement Agreement and/or entry of the Final Order and Judgment are reversed on appeal.

4. The terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the Class Notice to the members of the Settlement Class and publication of the Short Form Notice. This determination permitting notice to the Settlement Class is not a final finding that the Settlement Agreement is fair, reasonable and adequate, but simply a determination that there is probable cause to disseminate Class Notice to the Settlement Class Members, publish the Short Form Notice and to hold a hearing on final approval of the proposed settlement.

5. Defendants are authorized and directed to establish an administrative mechanism for receiving requests from Settlement Class Members to exclude themselves

from the Settlement Class, receiving claims for monetary payments under the Settlement (although such claims need not be paid until after proposed Settlement is finally approved), and answering questions about the Settlement (using talking points and other materials previously prepared in cooperation with Class Counsel). Such administration mechanisms will include a toll-free telephone number that Settlement Class Members may call, an address to which they may write, and a web site containing information about the proposed Settlement. The Parties shall cooperate in establishing these mechanisms, and Defendants shall provide Class Counsel with a monthly report of their communications with Settlement Class Members, as described in more detail in the Settlement Agreement.

6. Class Counsel may apply to the Court for an award of attorneys' fees and expense reimbursement covering all legal services provided to the Named Plaintiffs and Settlement Class Members in connection with the litigation and settlement of the Litigation (the "Fee and Expense Application"). The Fee and Expense Application shall seek a maximum of $9,500,000.00 in attorneys' fees, and $300,000.00 in verified expenses. Class Counsel shall file their Fee and Expense Application with the Court at least sixty (60) days before the Fairness Hearing.

7. Class Counsel also may submit an application for a $10,000 Incentive Award to Karen Vaughn, and a $1,000 Incentive Award to Sharon McQuiston, to be paid by Defendants separately from the fee and expense award. Class Counsel shall file this application with the Court as part of their motion for final approval of the Settlement, which shall be filed at least thirty-five (35) days before the Fairness Hearing.

8. Pursuant to Rule 23(e)(1)(C) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1715(d), a hearing (the "Fairness Hearing") shall be held on May 30, 2007 at 9:00 a.m. before the undersigned at 100 East Houston Street, Marshall, Texas 75670, for the purpose of finally determining whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court via entry of the Final Judgment and Order attached to the Settlement Agreement and, if so, what amount of reasonable attorneys' fees and reasonable reimbursement of costs and expenses should be awarded to Class Counsel, and whether a $10,000 Incentive Award shall be awarded to Named Plaintiff Karen Vaughn, and whether a $1,000 Incentive Award shall be awarded to Named Plaintiff Sharon McQuiston.

9. Approval is hereby given to the form of the Class Notice, attached to the Settlement Agreement as Exhibit B, and Short Form Notice, attached to the Settlement Agreement as Exhibit C, to Settlement Class Members, as revised on November 7, 2006. The Court finds that the Class Notice and Short Form Notice reasonably inform the Class Members of the material terms of the Settlement and their rights and responsibilities in connection with the Settlement, and once published and distributed pursuant to the Plan of Distribution detailed below, constitutes valid, due, and sufficient notice to Settlement Class Members in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution. The costs of providing Class Notice to the Settlement Class Members and of publishing the Short Form Notice shall be borne by Defendants.

10. On or before March 26, 2007, Defendants shall cause to be delivered by United States Postal Service first-class mailing, postage prepaid, copies of the Class Notice containing the language in Exhibit B to the Settlement Agreement to be mailed to the current address of each original purchaser of a Class Vehicle for whom American Honda can reasonably obtain a address. On or before March 26, 2007, Honda shall publish the Short Form Notice containing the language in Exhibit C to the Settlement Agreement on three occasions in *USA Today*. The Court finds that such individual and publication notice is the best notice practicable under the facts and circumstances of this case.

11. If they have not done so already, Defendants shall provide to the Attorney General of the United States and the attorneys general of the states and territories in which Settlement Class Members reside the information specified in 28 U.S.C. §1715 by the deadline established in that statute.

12. Defendants shall provide a declaration attesting to their compliance with their notice obligations not less than seven (7) days prior to the Fairness Hearing. The declaration shall include: (a) the total number of Settlement Class Members, (b) a sample copy of the as-mailed Class Notice, (c) the process by which Defendants obtained a mailing list for the Class Notice, (d) the number of Class Notices mailed and the range of dates within which such Notices were mailed, (e) the number of Class Notices returned, (f) a sample copy of the published Short Form Notice, (g) the dates when the Short Form Notice was published, and (h) the estimated circulation of the *USA Today* editions in which the Short Form Notice was published.

Each potential Settlement Class Member who wishes to be excluded from the Settlement Class must submit a Request for Exclusion to the address specified in the Class Notice or Short Form Notice, which address shall be a site under Defendants' control. Such Requests for Exclusion must be received at that address on or before April 25, 2007. To be effective, the Request for Exclusion must: (a) include the Settlement Class Member's full name, address, and telephone number, (b) identify the model, model year, and vehicle identification number of his, her or its Class Vehicle, and (c) specifically and unambiguously state his, her or its desire to be excluded from the Settlement Class in *Karen Vaughn v. American Honda Motor Co., Inc. et al.* and *Sharon McQuiston v. American Honda Motor Co., Inc. et al.* Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion to the required address, or communicates his/her intentions regarding membership in the Settlement Class in an ambiguous manner, shall be subject to and bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class pursuant to the Settlement Agreement unless determined otherwise by the Court. Any communications from Settlement Class Members (whether styled as an exclusion request, an objection, or a comment) as to which it is not readily apparent whether the Settlement Class Member meant to request an exclusion from the Class will be evaluated jointly by counsel for the Parties, who will make a good faith evaluation if possible. Any uncertainties about whether a Settlement Class Member requested to exclude himself/herself from the Settlement Class will be resolved by the Court.

13. Defendants shall tabulate Requests for Exclusion from prospective Settlement Class Members and shall report the names and addresses of such persons to the Court and to Class Counsel no less than seven (7) days before the Fairness Hearing.

14. Any member of the Settlement Class who intends to object to the fairness of the Settlement Agreement (including Class Counsel's Fee and Expense Application) must, by April 25, 2007, file any such objection with the Court, and provide copies of the objection to: James A. Holmes, The Law Office of James Holmes, P.C., 605 South Main Street, Suite 203, Henderson, TX 75654, Brian C. Anderson, O'MELVENY & MYERS, L.L.P., 1625 Eye Street, NW, Washington, DC 20006 and David B. Johnson, SIDLEY AUSTIN L.L.P., One South Dearborn, Chicago, IL 60603. Any objection to the Settlement Agreement must include: (a) the objector's full name, address, and telephone number, (b) the model, model year, and vehicle identification number of his, her, or its Class Vehicle, along with proof that the objector has owned or leased a Class Vehicle (*i.e.*, a true copy of a vehicle title, registration, or license receipt), (c) a written statement of all grounds for the objection accompanied by any legal support for such objection, (d) copies of any papers, briefs, or other documents upon which the objection is based, (e) a list of all persons who will be called to testify in support of the objection, (f) a statement whether the objector intends to appear at the Fairness Hearing, (g) a list of cases in which the objector or his counsel have appeared as class action settlement objectors in the past five (5) years, and (h) the signature of the objector, including those represented by counsel. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will

appear at the Fairness Hearing. Any member of the Settlement Class who does not properly file a timely written objection to the settlement and notice of his, her or its intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

15. The parties to this Litigation and to the Settlement Agreement shall file any memoranda or other materials in support of final approval of the Settlement Agreement, including in response to any timely and properly filed objection to the Settlement Agreement, no later than seven (7) days prior to the Fairness Hearing. Such materials shall be served on Class Counsel, counsel for Defendants, and on any member of the Settlement Class (or their counsel, if represented by counsel) to whose objection to the Settlement Agreement the memoranda or other materials respond.

16. Following the Fairness Hearing, and based upon the entire record in this matter, the Court will decide whether the Settlement Agreement should be finally approved and, if so, what amount of reasonable fees and expenses should be awarded to Class Counsel, whether an Incentive Award of $10,000 will be awarded to Named Plaintiff Karen Vaughn, and whether an Incentive Award of $1,000 shall be awarded to Named Plaintiff Sharon McQuiston. If the Court determines the Settlement is fair and reasonable, the Court will issue a Final Order and Judgment memorializing its decision in the form contemplated by Exhibit D of the Settlement Agreement. The Court will also issue an Order awarding reasonable fees and expenses to Class Counsel.

17. Pending final determination of the joint application for approval of this Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed.

18. After consideration of issues relating to comity and the complexity of this Litigation, the Court finds that any simultaneous proceedings in other fora relating to the claims in this action would jeopardize this Court's ability to rule on the proposed Settlement Agreement, would substantially increase the cost of litigation, would create risk of conflicting results, would waste Court resources, and could prevent the Named Plaintiffs and Settlement Class Members from benefiting from any negotiated settlement. Permitting another court to interfere with this Court's consideration or disposition of this case would seriously impair this Court's flexibility and authority to decide this case. The Court, therefore, finds that an order protecting its jurisdiction is necessary in aid of this Court's jurisdiction.

19. Accordingly, in order to protect its jurisdiction to consider the fairness of this Settlement Agreement, to certify, if appropriate, a Settlement Class, and to enter a Final Order and Judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all Settlement Class Members, and anyone who acts or purports to act on their behalf, from filing or pursuing all litigation or further proceedings in any other state or federal court, tribunal, agency, or forum in any state or federal court other than this Court that seeks to address the parties' or the Settlement Class Members' rights and claims based upon, relating to, or arising out of accuracy of the odometers in the

Class Vehicles. This injunction applies to any currently pending cases, to the extent such cases exist, and any future cases involving the above-referenced issues.

20. Inasmuch as counsel for American Honda Motor Co., Inc. (AHM) will have the best knowledge concerning the identity of those Settlement Class Members who are pursuing, or may in the future pursue, competing lawsuits, counsel for AHM are instructed to notify the courts in which those lawsuits are, or may in the future be, pending, and all other counsel in those lawsuits, of the existence of this injunction.

Dated: November 7, 2006

_____
The Honorable T. John Ward
United States District Judge