IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KAREN VAUGHN, Individually & on Behalf of All Others Similarly Situated,<br>　　　　Plaintiffs,<br><br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC., ET AL.,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§　CIVIL ACTION NO. 2:04-CV-142 (TJW)<br>§<br>§<br>§<br>§ |

## MEMORANDUM ORDER

Before the Court are Objectors' Motion to Appoint Liaison Counsel (#210) and Objectors' Motion for Leave to Take Additional Discovery (#211). After considering the parties' written submissions, the motions are DENIED as set forth below.

**I.　Factual Background**

The parties to this class action entered a stipulation and agreement of settlement on or about October 30, 2006. The Court preliminarily approved the settlement on November 7, 2006. The deadline to object to the settlement was April 25, 2007. A fairness hearing was scheduled for May 31, 2007. Due to some omissions in notifying the class, the fairness hearing has been rescheduled for August 21, 2007. The deadline for objecting to the settlement for those that were omitted from the original notification process was July 6, 2007.

As of June 19, 2007, approximately sixty-five potential class members filed objections. Thirteen of the sixty-five objectors announced an intent to appear at the fairness hearing. Eighteen of the sixty-five objectors are represented by attorneys.

Objectors Kenneth W. Lewis, Andrew J. Horne, Stuart S. Miles, Jerry Richie, Sundeep S. Grewel, and Deborah Small (collectively, "Objectors") have filed motions to appoint liaison counsel

and to take additional discovery.

**II.     Discussion**

    **A.     Timeliness**

Initially, the Court observes that Objectors filed their motions on June 7, 2007 after the deadline to object to the settlement and after the original fairness hearing was scheduled. Although the timing is not necessarily dispositive, the fairness hearing was rescheduled only to accommodate those class members that were inadvertently left off of the original mailing list, not class members that were properly notified and subject to the deadlines in the original preliminary approval order. Objectors were class members that were properly notified under the original schedule. There is no question that Objectors' motions were unduly delayed under the original schedule. Even if they were timely, the motions fail on their merits as discussed below.

    **B.     Motion to Appoint Liaison Counsel**

Objectors filed a motion to appoint Objectors' counsel, Mitchell A. Toups, Richard L. Coffman, and Edward E. Blizzard as liaison counsel to the Court on behalf of all objectors in this matter. Objectors argue that a liaison counsel will be useful due to the number and location of objectors. According to Objectors, as liaison counsel, they can assist the Court in organizing and streamlining the objectors' objections. Plaintiffs' counsel, Defendants' counsel, and three objectors have filed oppositions to this motion.

Liaison counsel may be appointed by a court to assist with "administrative matters, such as communications between the court and other counsel, convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 10.221 (2005). In the Court's view, this is not a

complex situation where there are numerous lawyers that need to be organized nor where the Court requires assistance in communicating with other counsel. All of the respective objectors and their attorneys are capable of handling any issues related to the fairness hearing that may arise. Accordingly, Objectors' motion to appoint liaison counsel is denied.

### C. Motion to Take Additional Discovery

Objectors also filed a motion for leave to take additional discovery. Specifically, Objectors request leave to serve interrogatories and requests for production on class counsel and each of the defendants. Objectors also request additional depositions once the requested documents and information have been produced. Objectors contend that the discovery in this case has been deficient because only nine depositions have been taken, and because only six requests for admission and fifteen interrogatories have been served on the Honda defendants. Furthermore, Objectors complain that, even though 45,000 pages of documents have been produced, more discovery is required to evaluate the fairness of the settlement.

An objector's request to conduct additional discovery is left to the sound discretion of the court. *See, e.g., In re Domestic Air Transp. Antitrust Litigation*, 144 F.R.D. 421, 424 (N.D. Ga. 1992). Discovery should only be allowed upon a showing of need. MANUAL FOR COMPLEX LITIGATION (FOURTH) § 22.924. One factor to consider is "whether the objectors represent a large and potentially discrete group whose interests were not accommodated in settlement." *Id*. Any discovery should be limited "to providing objectors with information central to the fairness of the proposed settlement." *Id*. at § 21.643.

Here, Objectors argue that more discovery is needed, but have not shown that they represent "a large and potentially discrete group whose interests were not accommodate in settlement." *Id*.

at § 22.924. Nor does the discovery appear limited to the question of fairness. Furthermore, Objectors request communications related to settlement between the defendants and class counsel. Discovery into settlement-negotiation process should not be allowed unless objectors make "a preliminary showing of collusion or other improper behavior." *Id*. at § 21.643. Objectors offer no evidence of collusion or improper behavior between class counsel and defendants.

In the Court's view, Objectors have not made a showing that additional discovery is required or that the Court lacks vital information to determine fairness in this case. This case does not involve numerous groups of objectors and Objectors are capable of making their arguments regarding the fairness of the settlement without taking additional discovery. Accordingly, Objectors' motion to take additional discovery is denied.

### III. Conclusion

Objectors' motions were not timely filed according to the original schedule set forth in this Court's preliminary approval order. Furthermore, this case does not involve numerous objectors or groups of objectors such that liaison counsel is needed by the Court to help with administrative matters. Objectors have also not shown that additional discovery is required to evaluate the fairness of the settlement in this case. Accordingly, Objectors' motion to appoint liaison counsel and Objectors' motion for leave to take additional discovery are DENIED.

 SIGNED this 31st day of July, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE